FILED

JUL 2 4 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISON

ALONZO P. JONES,

    Plaintiff,

v.   No. SA-16-CA-1039-RCL

JAMES MATTIS,
SECRETARY OF DEFENSE
(DEFENSE COMMISSARY AGENCY)

    Defendant.

## MEMORANDUM OPINION

Plaintiff Alonzo Jones brought this suit against his employer, the Defense Commissary Agency. He alleges multiple counts of harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, and the Lilly Ledbetter Fair Pay Act of 2009. Upon consideration of the defendant's motion to dismiss [ECF No. 16] and all responses and replies thereto, the Court will **GRANT** the defendant's motion.

### I.  BACKGROUND

#### A. Parties

Plaintiff Alonzo Jones was employed by the Defense Commissary Agency ("DCA") at Randolph Air Force. ECF No. 15 ¶ 1.

The defendant James Mattis[1] is the Secretary of Defense of the United States of America tasked with supervising the Defense Commissary Agency. *Id.* ¶¶ 1, 2.

---

[1] James Mattis has replaced Ashton B. Carter as the Secretary of Defense. The caption has been updated to reflect this change.

1

## B. Facts

Plaintiff worked at Randolph Air Force Base from "about 1993" through the time that he filed his complaint, at which time he was employed as a lead store associate. *Id.* ¶¶ 1, 6. While employed, he occupied union positions and also represented union members in Equal Employment Opportunity ("EEO") matters. *Id.* ¶ 7.

Around 2007, plaintiff filed an EEO complaint alleging retaliation for his involvement in EEO matters. *Id.* ¶ 8. At that time, he entered into a negotiated settlement agreement ("NSA") requiring the DCA to remove comments regarding a suspension from his record by August 2008. *Id.* ¶ 8. Around December 2015, plaintiff noticed that the comments had not been removed. *Id.* Plaintiff continued to represent union members in EEO matters after entering into the 2007 NSA. *Id.* ¶¶ 9, 16.

Around 2008, plaintiff and some coworkers were classified as belonging to the GS-303 pay scale, but were converted to the GS-1101 series, a conversion that resulted in a loss of promotion potential for plaintiff. *Id.* ¶ 10, 11. Plaintiff's coworkers were converted back to the GS-303 scale, but he was not. *Id.* ¶ 10. "In or around 2011," plaintiff sought an audit to determine his proper pay scale, which resulted in a determination that his position was properly classified as a GS-303 position. *Id.* ¶ 12.

"In or around October, 2014," Beatrice Sanchez was moved into plaintiff's work group and received the GS-303 classification. *Id.* ¶ 14. Plaintiff alleges that Ms. Sanchez "expressed racial animus" towards African Americans during her time at Randolph Air Force Base. *Id.* This alleged animus included her expressly calling Mr. Jones a racial slur. *Id.*

On December 5, 2014, plaintiff contacted his EEO counselor. *Id.* ¶ 15. On January 2, 2015, he filed a formal complaint with the agency alleging discrimination based on his race (African

2

American) and gender (male), and retaliation. *Id.* at 9. He appealed the decision around February 2015. *Id.* ¶ 16.

In early 2015, plaintiff alleges that his work schedule and duties were altered and his office space was reduced. *Id.* ¶ 17. Plaintiff further alleges that around July 2015, he was sent home from work for wearing shorts and received a performance evaluation that "unfairly graded his performance." *Id.* During the same time period, plaintiff alleges that he applied for a new position, but was ultimately passed over in favor of a "less experienced female colleague." *Id.* ¶ 19. On October 3, 2015, plaintiff filed a complaint alleging that this collection of events amounted to retaliation for his prior EEO activity. *Id.* at 15.

Finally, plaintiff states that, in or around 2016, his work schedule "was changed several times." *Id.* ¶ 20.

Plaintiff alleges that, in all of these events, defendant harassed and discriminated against him due to his race and sex, and retaliated against him due to his prior EEO activity. *Id.* ¶¶ 14, 24-28.

## II. LEGAL STANDARDS

Defendant seeks dismissal of plaintiff's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### A. Rule 12(b)(1) Standard

A 12(b)(1) motion to dismiss allows a party to challenge the subject-matter jurisdiction of a court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court may dismiss a cause of action according to rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When assessing whether subject-matter jurisdiction exists, a court may consider "(1) the complaint; (2) the complaint supplemented by undisputed factual evidence in the record; as well as (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 645 F.2d 404, 413 (5th Cir. 1981).

The burden of proof for a 12(b)(1) motion to dismiss rests on the party asserting jurisdiction. Therefore, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 508, 511 (5th Cir. 1980). The plaintiff must do so through a "preponderance of the evidence." *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B. Rule 12(b)(6) Standard

Under Rule 12(b)(6), a court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court considering a 12(b)(6) motion must assume that all factual allegations provided in a complaint are true, even if they are dubious. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must plead facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A plaintiff's obligation to provide 'grounds' of his 'entitlement to relief,'" however, "requires more than labels and conclusions." *Id.* "Factual allegations must be enough to raise a right of relief above the speculative level." *Id.* The plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Twombly.*, 550 U.S. at 570.

### C. Title VII Administrative Process

Title VII of the Civil Rights Act of 1964 prohibits discrimination against federal employees on the basis of race and gender. A Title VII complainant "must initiate contact with an EEO counselor

within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Following the completion of the counselor's investigation of the complainant's allegations, the complainant may "request a hearing and decision from an administrative judge or may request an immediate final decision." 29 C.F.R. § 1614.106(e)(2); 29 C.F.R. § 1614.108(f). If no final decision has been reached by the commission within 180 days of the filing of a complaint, a complainant may file a civil action in federal court. 29 C.F.R. § 1614.407.

### III. ANALYSIS

#### A. Timeliness of Plaintiff's Claims

A plaintiff bringing suit in a Title VII action must exhaust his administrative remedies before bringing suit in federal court. *Randel v. U.S. Dept. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). Defendant's decision not to reclassify plaintiff to the GS-303 pay scale, the initial discriminatory act identified in plaintiff's complaint, occurred in July 2011. ECF No. 16-1 at 1. But plaintiff did not contact an EEO counselor until December 5, 2014, well after the 45 day window outlined by 29 C.F.R. § 1614.105(a)(1) had expired.

Plaintiff argues that the 45 day filing deadline should be equitably tolled because he was told by multiple superiors that he would be re-classified to the GS-303 scale. ECF No. 17 ¶ 3. Plaintiff fails to state when his superiors indicated that his classification would be converted back to the GS-303 scale. Therefore, what effect their assurances may have had on plaintiff's non-filing of an EEO complaint within the 45 day window cannot be determined. Plaintiff's claims relating to his pay-scale conversion and defendant's "failure to promote" him are, therefore, untimely.

Additionally, plaintiff's claims relating to defendant's decision to pass over him for the position of Lead Commissary Support Clerk in July 2015, defendant's sending plaintiff home for wearing shorts to work, and defendant's "unfair" performance appraisal are also untimely. On

September 16, 2015, an EEO counselor notified plaintiff of his right to file an EEO complaint. ECF No. 15 at 17. He filed his complaint on October 3, 2015, seventeen days after being notified. *Id.* EEO Regulations dictate that an employee has a 15 day window to file an EEO complaint after receiving notice of his right to do so. 29 C.F.R. § 1614.106(b). An individual's failure to comply with time limits imposed for filing an administrative complaint with the EEOC results in a dismissal for lack of merit. *Oaxaca v. Roscoe*, 641 F.2d 386, 388 (5th Cir. 1981).

Plaintiff contends that equitable tolling, estoppel, and waiver allow for his claims to be deemed timely. ECF No. 17 ¶ 3. But the authority on which plaintiff relies to support this proposition, *Irwin v. Dep't of Veterans Affairs*, states that equitable tolling has only been extended by federal courts in situations where a claimant filed a defective pleading during the fifteen-day period "or where the complainant has been induced or tricked . . . into allowing the filing deadline to pass." 498 U.S. 89, 96 (1990). Additionally, *Irwin* states that federal courts "have been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* Plaintiff does not allege that he was induced or tricked into letting the fifteen-day deadline pass or that his lack of familiarity with the EEO-complaint process resulted in an untimely complaint. In fact, he portrays himself as well versed in the EEO claim process as a result of his representing others in their EEO claims. ECF No. 15 ¶¶ 9, 16. This experience with EEO claims shows that plaintiff did not miss the deadline due to a "lack of sophistication." *See Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992) (holding that equitable tolling did not apply to plaintiff's untimely request for administrative reconsideration because he was "highly sophisticated regarding Title VII").

Additionally, plaintiff argues that he was repeatedly denied official time requests regarding his EEO complaint on two separate dates. ECF No. 17 ¶ 4. He states that he made his final request on

October 1, 2015. *Id.* However, those denials were made prior to his receiving notice of his right to sue and were unrelated to the EEO complaint at issue in this matter. ECF No. 15 at 17. Additionally, plaintiff has explained previously that the final request he refers to was in relation to a separate EEO complaint and is not relevant to the timeliness of the at-issue complaint. *Id.* Therefore, plaintiff's claims concerning the reduction of his work space, his being sent home for wearing shorts, his receiving a low performance rating, as well as the reduction of his authority and responsibilities were untimely and are dismissed accordingly.

Plaintiff claims that he was discriminated, harassed, and retaliated against when his work schedule was changed several times in July, 2016. However, his complaint fails to establish that he has exhausted his administrative remedies with regard to that alleged incident. Therefore, all claims relating to that allegation are dismissed.

### B. Plaintiff's Assertion of Jurisdiction Under the Lily Ledbetter Fair Pay Act of 2009.

Plaintiff also argues that because he alleges discriminatory compensation decisions on the part of defendant, the Lily Ledbetter Fair Pay Act of 2009 dictates that a wage-discrimination claim occurs each time wages were paid to him at the lower GS-1101 pay scale. ECF No. 17 ¶ 6. He states that his claim renews every pay period and is, therefore, timely. *Id.* But the Lily Ledbetter Act "does not apply to 'discrete acts' by employers such as 'termination, failure to promote, denial of transfer, and refusal to hire.'" *Niwayama v. Tex. Tech Univ.*, 590 Fed. Appx. 351, 356 (5th Cir. 2014). Defendant's determination of plaintiff's pay-scale status is a discrete act and, therefore, does not fall under the Lily Ledbetter Act of 2009.

### C. Defendant's Alleged Failure to Comply with the 2007 Negotiated Settlement Agreement

Plaintiff argues that defendant's alleged failure to comply with the 2007 NSA supports his claims of discrimination, harassment, and retaliation. ECF No. 15 ¶¶ 22, 25, 27. However, "a

7

settlement agreement is a contract." *Guidry v. Haliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). Non-compliance with a NSA is, therefore, a breach of contract. Plaintiff fails to state facts sufficient to demonstrate that defendant's alleged breach of contract is in any way connected to his claims of discrimination and harassment on the basis of race and gender, or retaliation for his prior EEO activity. Therefore, the Court does not find it to be relevant to this Title VII action.

### D. Plaintiff's Discrimination Claim

Given that the majority of acts that plaintiff alleges amount to harassment and discrimination based on race and sex have been dismissed due to their untimeliness, the only remaining allegations are the use of racial slurs and "disturbance of the work force" by Ms. Beatrice Sanchez, as well as her being "promoted to the GS-303 series" in October 2014. ECF No. 17 ¶ 7; ECF No. 15 ¶ 14.

In order to establish an actionable discrimination claim, plaintiff must assert facts (1) showing he was subjected to an adverse employment action and (2) that raise an inference that he was treated differently as a result of his sex, race, or prior EEO involvement. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 471 (5th Cir. 2016). "An adverse employment action consists of 'ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating.'" *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (quoting *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002)). Plaintiff's discrimination claim centered on Ms. Sanchez and her relationship to plaintiff fails to allege that her actions involved any of these "ultimate employment decisions." *Id.* Plaintiff also fails to raise an inference that Ms. Sanchez's promotion to the GS-303 series was the result of differential treatment based on sex, race, or prior EEO involvement. Therefore, his claims of discrimination will be dismissed.

### E. Plaintiff's Harassment Claim

To state an actionable harassment claim based on race or sex, plaintiff must show: (1) he belongs to a protected group, (2) he was subjected to unwelcome harassment, (3) the harassment was based on race or sex, (4) the harassment affected a term, condition, or privilege of employment, and (5) defendant knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

The only allegation of harassment based on plaintiff's being African-American and/or male not barred by its untimliness is the introduction of Ms. Sanchez into his work group and her being promoted to the GS-303 series in October 2014. Plaintiff alleges that Ms. Sanchez expressed racial animus towards African-Americans and expressly called Mr. Jones a racial slur. ECF No. 15 ¶ 14. However, plaintiff fails to allege sufficient facts that, taken as true, defendant knew or should have known of Ms. Sanchez's alleged use of racial slurs and expression(s) of racial animus towards African Americans. Plaintiff's remaining harassment claim will be, therefore, dismissed.

### F. Plaintiff's Retaliation Claims

Title VII imposes liability for unlawful retaliation against individuals who have engaged in protected EEO activity. 42 U.S.C. 2000e-3(a). An individual states an actionable retaliation claim when: (1) they have engaged in activity protected by Title VII, (2) their employer took adverse employment action against them, and (3) there is a causal connection between the protected activity and the adverse employment action. *Douglas v. DynMcdermott Petroleum Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998). With regard to retaliation claims, an adverse employment action consists of "any action that 'might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *McCoy v. City of Shreveport*, 482 F.3d 551, 559 (5th Cir. 2007)(quoting *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006)).

"Petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Burlington*, 548 U.S. at 68.

Plaintiff's complaint states that he engaged in protected EEO activity in 2006, 2007, 2008, and 2015. ECF No. 15 ¶¶ 8, 9, 16. However, with regard to the allegations not barred due to their untimeliness, plaintiff fails to state facts that, taken as true, he was ever subjected to an adverse employment action as a result of this EEO involvement. Additionally, the introduction of Ms. Sanchez into plaintiff's employment group and her subsequent promotion do not allow for a finding that plaintiff was subjected to an adverse employment action as a result of his prior EEO activity. Plaintiff does not establish any causal connection between the activity and his relation to Ms. Sanchez other than temporal proximity. However, a six-year difference between plaintiff's last engagement in EEO activity and the introduction of Ms. Sanchez does not establish sufficient temporal proximity. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-274 (2001) (holding that a twenty-month window between protected activity and an adverse employment action against the individual failed to establish causality). Plaintiff's retaliation claim is, therefore, dismissed.

## IV. CONCLUSION

For the aforementioned reasons, the Court finds that plaintiff's claims of harassment, discrimination, and retaliation warrant dismissal under rules 12(b)(1) and 12(b)(6). Defendants' motion to dismiss will, therefore, be **GRANTED**.

A separate order consistent with this opinion shall issue this date.

Date: July 24, 2018

Royce C. Lamberth
United States District Judge